**STATE of Tennessee, Appellee,**

v.

**Berry HAMMOND, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

May 27, 1982.

Joe B. Jones, Asst. Public Defender, Arthur E. Quinn (at trial), Asst. Public Defender, Memphis, for appellant.

William M. Leech, Jr., Atty. Gen. & Reporter, Gordon W. Smith, Asst. Atty. Gen., Nashville, Sidney P. Alexander, Asst. Dist. Atty. Gen., Memphis, for appellee.

OPINION

DWYER, Judge.

For possessing marijuana, T.C.A. § 52–1432, appellant was sentenced by a jury to sixty days in the Shelby County Correctional Center.

Two issues are presented which are interrelated: the record is inadequate for appellate review because the trial court in effect denied the indigent appellant a verbatim transcript of the proceedings by refusing to provide a court reporter; hence, the issue of the sufficiency of the evidence cannot be reviewed.

The narrative transcript of the evidence, as approved by trial counsel for the indigent appellant and the State's attorney and as authenticated for accuracy by the trial court, will be examined to determine whether or not the issue has merit.

A review of the bill of exceptions shows that two Memphis police officers were on routine patrol around 8:00 p. m. on the evening of May 24, 1981. They observed two male blacks sitting on the stairway of an apartment building. When the officers approached both males got up, separated, and started to walk away. One of the officers got out of the car and followed the appellant who started to run soon after he reached the corner. While in pursuit the officer saw appellant throw down a small red object. The second officer got into the squad car with the other male black and in short order helped corner and arrest the appellant.

When the officer retrieved the small red object which appellant had thrown down, he observed that it was a package of Pall Mall cigarettes containing two pink envelopes. The officer related that upon examination the contents appeared to be marijuana. He referred to the envelopes in the vernacular

of the street calling them "nickel bags". A Metro narcotics officer related that each envelope had a street value of five dollars. A toxicologist testifying for the State related that the substance in the envelopes registered positive for tetrahydrocannabinol, the active ingredient of marijuana, a Schedule VI drug, T.C.A. § 52–1422.

A witness for the appellant related that on the day of the arrest they had been jogging off and on since 3:00 p. m. and that he neither saw nor had any knowledge that appellant was in possession of marijuana. The appellant did not testify.

■ From the above recitation of the evidence, it is clear that appellant has presented an adequate record, though narrative in form, for the evaluation of his issue, *i.e.,* that the evidence is insufficient.

The police officer related that he saw appellant throw down the package of Pall Malls which was found to contain two pink envelopes bearing a substance later identified as marijuana. The witness for the appellant testified that both had been jogging and that he had not seen appellant in possession of marijuana on that date. A question of fact therefore was presented for the jury.

■ By its verdict the jury has accredited the testimony of the police officer and the toxicologist for the State. It has rejected the theory and defense of the appellant that he was a victimized jogger who was never in possession of the marijuana. When the evidence on appeal is viewed in light of settled law, see *State v. Cabbage,* 571 S.W.2d 832, 836 (Tenn.1978); and *Griffin v. State,* 599 S.W.2d 274, 276 (Tenn.Cr. App.1979), his issue is meritless. The evidence meets the standard found in T.R.A.P. 13(e).

■ The appellant objected to the trial court excusing the official court reporter before trial and overruling appellant's motion for a court reporter when it was apparent that the appellant was to be tried on a misdemeanor charge. T.C.A. §§ 40–2035, 40–2029(c). The denial by the trial court of appellant's motion for a court reporter in order to have a verbatim transcript does not create automatic reversible error. See *Mayer v. City of Chicago,* 404 U.S. 189, 194, 92 S.Ct. 410, 414, 30 L.Ed.2d 372 (1971). See also *State v. Bomar,* 213 Tenn. 499, 376 S.W.2d 451 (1964); *Beadle v. State,* 203 Tenn. 97, 310 S.W.2d 157 (1958).

We have stated that his narrative transcript was sufficient and adequate to support his only issue. In fact, the narrative was verified for accuracy by counsel for both sides and approved by the trial judge. Under such circumstances and in the absence of any explanation here by the appellant as to how and in what manner he was denied an adequate record for review, his issue is more rhetoric than substance. In short, any attorney worth his salt would be pleased with the narrative record that was filed. His issue, therefore, is without merit and is overruled.

■ The argument is advanced that the record does not show venue. It does reveal that two Memphis police officers were on routine patrol on the evening in question. This is sufficient to belie the venue question.

The judgment of the trial court is affirmed.

DUNCAN and CORNELIUS, JJ., concur.