**STATE of Tennessee, Appellant,**

v.

**Mark Thomas GALLAGHER, Appellee.**

Supreme Court of Tennessee,
at Knoxville.

Oct. 12, 1987.

W.J. Michael Cody, Atty. Gen. & Reporter, Gordon W. Smith, Asst. Atty. Gen., Nashville, William E. Dossett, Dist. Atty. Gen., William H. Crabtree, Asst. Dist. Atty. Gen., Knoxville, for appellant.

Ronald P. Smith, Knoxville, for appellee.

### OPINION

DROWOTA, Justice.

The Defendant in this case, after being convicted in Criminal Court, filed a statement of the evidence along with a declaration of issues to be presented upon appeal. Defendant now seeks a supplemental transcript at State expense. The State avers that the statement of the evidence filed by the Defendant is sufficient to permit proper review of the issues on appeal.

The Defendant, Mark Thomas Gallagher, was indicted by the Knox County Grand Jury for the offenses of driving under the influence of an intoxicant, second offense, and driving on a revoked license. On January 17, 1986, the Defendant was convicted

of driving under the influence of an intoxicant, second offense and the Defendant entered a plea of guilty to the offense of driving on a revoked license. On March 6, 1986, Defendant timely filed a Notice of Appeal.

On May 15, 1986, counsel for the Defendant filed with the Clerk of the Criminal Court a "Statement of the Evidence/Proceedings" and a "Declaration of issues to be presented upon appeal", pursuant to Tennessee Rule of Appellate Procedure 24(c). Following the expiration of the fifteen-day period for objections by the State, T.R.A.P., 24(c), and the thirty-day period for approval by the trial judge, T.R.A.P., 24(f), the statement of the evidence was "deemed to have been approved and shall be so considered by the appellate court", T.R.A.P., 24(f). The record on appeal, T.R.A.P., 24(a), was filed with the Clerk of the Court of Criminal Appeals on June 24, 1986.

On August 5, 1986, counsel for Defendant filed a Motion in the Court of Criminal Appeals, pursuant to T.R.A.P., 24(e), to modify and supplement the record by inclusion therein, at State expense, of the transcripts of hearings on pre-trial motions, and the transcripts of the trial and sentencing hearing. On August 18, 1986, a member of that Court granted Defendant's motion. The State's petition for rehearing was denied by the same appellate judge. We granted the State's Application for Permission to Appeal in order to determine whether the Court of Criminal Appeals erred in granting the Defendant's motion for a supplemental transcript at State expense.

▄▄▄ The State concedes that it must, as a matter of equal protection, provide indigent defendants in a criminal prosecution with the basic tools of an adequate defense or appeal, when such tools are available for a price to other defendants. *Britt v. North Carolina,* 404 U.S. 226, 227, 92 S.Ct. 431, 433, 30 L.Ed.2d 400, 403 (1971); *State v. Elliott,* 524 S.W.2d 473, 475 (Tenn.1975); and that the distinction

between felony and non-felony cases is not a valid constitutional basis for denial of such tools. *Mayer v. City of Chicago,* 404 U.S. 189, 195–196, 92 S.Ct. 410, 415, 30 L.Ed.2d 372 (1971). However, the State correctly points out that there is no requirement that every indigent defendant be automatically furnished with a free stenographic transcript of his trial for purposes of appeal. All that the Constitution requires is a " 'record of sufficient completeness' to permit proper consideration of [his] claims." *Draper v. Washington,* 372 U.S. 487, 499, 83 S.Ct. 774, 781, 9 L.Ed.2d 899 (1963), quoting *Coppedge v. United States,* 369 U.S. 438, 446, 82 S.Ct. 917, 921, 8 L.Ed.2d 21 (1962).

"A 'record of sufficient completeness' does not translate automatically into a complete verbatim transcript.... a State 'may find other means [than providing stenographic transcripts] for affording adequate and effective appellate review to indigent defendants' ... 'alternative methods of reporting trial proceedings are permissible if they place before the appellate court an equivalent report of the events at trial from which the appellant's contentions arise.' " [Citations omitted.] *Mayer v. City of Chicago,* 404 U.S. at 194, 92 S.Ct. at 414.

In this case counsel for Defendant chose to file a "statement of the evidence" pursuant to T.R.A.P., 24(c). Rule 24(c) states that "[t]he statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." The rule also requires that appellant "serve notice of the filing [of the statement] on the appellee, accompanied by a short and plain declaration of the issues he intends to present on appeal." Defendant's counsel complied with Rule 24(c) and filed five issues to be presented upon appeal. In the statement of the evidence, counsel presented the essential facts surrounding only those issues intended to be raised on appeal. Pertinent facts as to each of the five issues [1] are set forth in the statement of the evidence.

---

1. The five issues presented upon appeal are: I. The Court erred in permitting the Attorney General to file a Notice of Enhanced Punishment on the day of trial and failing to grant a continu-

**626**

We are of the opinion that the statement of the evidence in the record before us is sufficient to permit proper review of the issues designated on appeal by the Defendant. Four of the five issues are procedural in nature. The essential facts are not in dispute. There is no issue raised on appeal that the Defendant cannot pursue in light of the statement of the evidence which he has filed.

Having found the record of sufficient completeness to permit proper consideration of Defendant's appellate claims, we reverse the order of the Court of Criminal Appeals in granting a supplemental transcript at State expense and remand the case to the Court of Criminal Appeals for further proceedings on the appeal.

HARBISON, C.J., and FONES, COOPER and O'BRIEN, JJ., concur.

ance to the Defendant upon Defendant's Motion. II. The Court erred in failing to grant a continuance wherein a subpoena had been issued for a defense witness, that witness failed to appear, and no return of subpoena had been shown to the Court. III. The Court erred in requesting that the Defendant enter a plea of guilty to the offense of driving on a revoked license prior to presentation of the proof in the driving under the influence case. IV. The sentence imposed upon the Defendant was excessive and unjust. V. The Court erred in allowing the Clerk of the Court to testify against the Defendant where the name of the Clerk was not contained on the indictment.