# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

July 15, 1998

Cecil W. Crowson
Appellate Court Clerk

JAMES K. ALLEN,  )
)
    Plaintiff/Appellant,  )
)  Appeal No.
)  01-A-01-9710-CV-00565
VS.  )
)  Rutherford Circuit
)  No. 36021
JIM WISEMAN,  )
)
    Defendant/Appellee.  )

APPEALED FROM THE CIRCUIT COURT OF RUTHERFORD COUNTY
AT MURFREESBORO, TENNESSEE

THE HONORABLE BOBBY CAPERS, JUDGE

PAUL CAMPBELL, JR.
WILLIAM R. HANNAH
CAMPBELL & CAMPBELL
1200 James Building
735 Broad Street
Chattanooga, Tennessee 37402-1835
    Attorneys for Plaintiff/Appellant

LELA M. HOLLABAUGH
MANIER, HEROD, HOLLABAUGH & SMITH
2200 First Union Tower
150 Fourth Avenue North
Nashville, Tennessee 37219
    Attorney for Defendant/Appellee

AFFIRMED AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
KOCH, J.
CAIN, J.

# O P I N I O N

This is a legal malpractice action arising out of a criminal case. The plaintiff was convicted of assault and criminal trespass and he charges his attorney with multiple failures before, during, and after the trial, the most serious being the failure to retain a court reporter to preserve the evidence introduced in the criminal case. The Circuit Court of Rutherford County granted summary judgment to the defendant. We affirm.

## I.

James K. Allen retained Jim Wiseman, an attorney in Murfreesboro, to defend an indictment for criminal trespass and assault. Mr. Wiseman had previously represented Mr. Allen in his divorce from Cathy Allen, the prosecuting witness in the criminal trespass charge. The assault charge was brought by Eddie Sandlin, who allegedly had an affair with Cathy Allen during her marriage to James Allen.

At the criminal trial, Mr. Wiseman did not employ a court reporter to record the proceeding. The jury found Mr. Allen guilty on both counts. He received a sentence of eleven months and twenty-nine days in jail with all but five days suspended, and he had to pay approximately $4,000 in fines and restitution. He appealed his conviction pro se, and the opinion of the Court of Criminal Appeals points out that he did not file a statement of the evidence even though he was given the chance to do so under Tenn. R. App. Proc. 24(c). Thus, the court had no choice but to affirm the conviction.

Mr. Allen sued Mr. Wiseman, alleging that he failed to:

(A)     Adequately investigate both the scene of the crime and facts of the crime before trial day.

(B)     Question everyone involved with the case before the trial day

(C)     Obtain the medical and employment records of the plaintiff in this trial to fully evaluate his claims of injury and loss of work

(D)     Issue timely subpoenas to insure key defense individuals for his client would be on hand for this trial

(E)     Employ a court reporter for this trial, even though he repeatedly told his client this was a serious offense and could result in fines up to $2,500.00 and a sentence of up to 11 months and 29 days in jail.

(F)     To adequately set up a defense plan for the plaintiff, or spend adequate time discussing his court plans with the defendant

Mr. Wiseman denied the material allegations of wrongdoing and moved for summary judgment. He supported his motion with his own affidavit, in which he detailed the work he did in the criminal case. He concluded by averring that he acted with reasonable skill and diligence and in accordance with the recognized standards of acceptable professional practice.

Mr. Allen filed the affidavits of two lay people and two lawyers. Cathy Allen made one relevant statement of fact. She said that Mr. Wiseman did not cross-examine her about her knowledge of Mr. Sandlin's part in harassing Mr. Allen for a year before the incident which resulted in the criminal charge. Chris Campbell, the other lay witness said in his affidavit that he was acquainted with Mr. Sandlin and had heard him threaten to "take care" of Mr. Allen. He also said he was prepared to testify about Mr. Sandlin's personal character, his lying, his exaggeration of facts, his dishonesty and infidelity. Despite having told Mr. Allen about this information, Mr. Campbell was not contacted by Mr. Wiseman.

One lawyer gave his opinion that the failure to arrange for a court reporter to take a verbatim transcript of the trial in a criminal case was a breach of the recognized standard of acceptable professional practice for a lawyer practicing

criminal law. Another lawyer said that the failure to have a court reporter made a meaningful appeal of the conviction impossible.

The trial judge held that as a matter of law the failure to have a court reporter at the trial of a misdemeanor was not below the standard of care. He also held that there were no disputed questions of fact on the other allegations of negligence; therefore he granted Mr. Wiseman's motion for summary judgment.

## II.

Summary judgment is proper where there are no disputed issues of material facts and the moving party is entitled to a judgment as a matter of law. *Taylor v. Nashville Banner Pub. Co.*, 573 S.W.2d 476 (Tenn. App. 1978). Whether a lawyer's conduct meets a particular standard of conduct is a question of fact, *Cleckner v. Dale*, 719 S.W.2d 535 (Tenn. App. 1986), and a deviation from that standard must be shown by expert proof, except in cases involving "clear and palpable negligence." *Id.* at 540.

Except on the question of the failure to hire a court reporter, there is no expert testimony that any action taken or not taken by Mr. Wiseman fell below the standard of care required of a trial lawyer and, despite Mr. Allen's insistence that Mr. Wiseman's negligence was "palpable, plain, and obvious," we cannot agree. In his brief, Mr. Allen lists nine instances of "palpably" bad conduct on Mr. Wiseman's part (excepting the court reporter issue). Mr. Wiseman allegedly did not:

(1)     investigate properly,
(2)     question everyone involved in the case,
(3)     obtain the medical and employment records of Sandlin,
(4)     issue timely subpoenas to insure key defense individuals at trial,
(5)     set up a defense plan for Allen or spend adequate time discussing his court case with him,
(6)     represent his client zealously.

- 4 -

He did:

(1)    conduct himself in an extremely inappropriate manner in court so badly as to be threatened with contempt of court,
(2)    abandon Allen after the sentencing hearing because of a planned trip to London,
(3)    place his personal interests above those of his client.

We note that more than half of the alleged failures concern trial tactics or Mr. Wiseman's conduct of the defense.  At one time we thought that a lawyer's trial conduct or tactics could not be questioned, *see Stricklan v. Koella*, 546 S.W.2d 810 (Tenn. App. 1976), but a more flexible approach was announced by the federal court in *Woodruff v. Tomlin*, 616 F.2d 924 (6th Cir. 1980).  The federal court, interpreting Tennessee law, recognized that there can be no liability for acts or omissions by an attorney in the conduct of litigation which are based on an honest exercise of professional judgment, but the court also said that an attorney is still bound to exercise a reasonable degree of skill and care.  *Cf. Pera v. Kroger Co.*, 674 S.W.2d 715 (Tenn. 1984).

We believe that whether an attorney has failed to meet that standard requires a knowledge of the issues involved in the litigation, what proof was available, what steps were taken to advance the client's interests, and what reasons lay behind the choices made.  With all the facts, a skilled, experienced trial lawyer could give an opinion about how the attorney's actions measured up to the standard of reasonable skill and care.  Ordinary laymen (even judges) could not say that the attorney's conduct fell below that standard.  *See Cleckner v. Dale*, 719 S.W.2d 535 (Tenn. App. 1986).  Therefore, Mr. Wiseman's affidavit stating that he conformed to the standard of care is unrefuted in the record.

We think the items on Mr. Allen's list that do not involve trial tactics or conduct are either simply conclusory (Mr. Wiseman "abandoned" Allen and placed his personal interests above Mr. Allen's), *see Doff v. Brunswick Corp.*, 372 F.2d 801 (9th Cir. 1966), or are also beyond the common knowledge of laymen. Therefore, we think summary judgment on these issues was proper.

# IV.

## The Court Reporter Issue

Mr. Allen filed two affidavits on this issue. Only one of the affidavits expressed an opinion on the standard of care. It stated the following:

> 1. I am an attorney licensed to practice law in the State of Tennessee and have been so licensed since 1969.
>
> 2. I have been in private practice in Chattanooga, Tennessee continuously since 1969.
>
> 3. During my years of practice I have represented many defendants in criminal jury and non-jury trials.
>
> 4. Failure of defense counsel to arrange for a court reporter to take a verbatim transcript of the trial in a criminal case, in my opinion, constitutes a failure by the attorney to exercise reasonable skill and diligence in representing the client and does not constitute legal representation in accordance with recognized standards of acceptable professional practice for attorneys practicing in the area of criminal law.
>
> This breach of standard practice renders it impossible for the client to make a meaningful appeal in the event of a conviction.

The trial judge found, however, that, as a matter of law, "the failure to have a court reporter at the misdemeanor criminal hearing of the plaintiff was not below the acceptable standard of professional practice." We think the trial judge was correct. Our criminal code requires the state to furnish a court reporter in felony cases. Tenn. Code Ann. § 40-14-301, et seq. Indigent defendants in those cases are entitled to the transcript free of charge. *Elliott v. State*, 435 S.W.2d 812 (Tenn. 1968).

But in a misdemeanor prosecution involving an indigent defendant, the court's denial of a request for a court reporter is not reversible. *State v. Hammond*, 638 S.W.2d 433 (Tenn. Cr. App. 1982). A narrative statement of the evidence is sufficient to preserve the issues on appeal, in the absence of some explanation to the contrary. *Id. See* Tenn. R. App. Proc. 24(c). So, as a matter of public policy, a narrative statement of the evidence is sufficient and available in the absence of a court reporter.[1]

While we have said that a trial judge should not act as an expert witness in a malpractice case, and that whether a lawyer's conduct falls below a particular standard is a question of fact, *Cleckner v. Dale*, 719 S.W.2d 535 (Tenn. App. 1986), in some cases it has been held that the breach of duty may be resolved as a matter of law if the particular conduct does not permit a reasonable doubt as to whether the defendant's conduct violates the degree of care exacted of him. *Lysick v. Walcom*, 258 Cal. App. 2d 136 (1968).

Further, examining the affidavit, we note that it could not be universally applied. Otherwise, every defense lawyer appointed to defend an indigent client charged with a misdemeanor would be obligated to hire the court reporter at his own expense. And trial judges would invite reversal if they allowed the trial to proceed without a court reporter. As we have seen, the Court of Criminal Appeals has rejected that argument. *See State v. Hammond*, 638 S.W.2d 433 (Tenn. Cr. App. 1982).

The judgment of the trial court is affirmed and the cause is remanded to the Circuit Court of Rutherford County for any further proceedings necessary. Tax the costs on appeal to the appellant.

---

[1] We note that the Court of Criminal Appeals expressed surprise that Mr. Allen had not taken advantage of the chance to file a narrative statement of the evidence.

_____
BEN H. CANTRELL, JUDGE

CONCUR:


_____
WILLIAM C. KOCH, JR., JUDGE


_____
WILLIAM B. CAIN, JUDGE