IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MAY, 1997 SESSION

FILED

September 9, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | No. 03C01-9608-CC-00305 |
| Appellee, | ) | |
| | ) | |
| vs. | ) | Bradley County |
| | ) | |
| **ERWIN KEITH TINSLEY**, | ) | Honorable R. Steven Bebb, Judge |
| | ) | |
| Appellant. | ) | (Evading arrest, reckless driving, |
| | ) | speeding, driving with a revoked |
| | ) | license) |

FOR THE APPELLANT:

D. MITCHELL BRYANT
JENNE, SCOTT & BRYANT
260 N. Ocoee St.
P.O. Box 161
Cleveland, TN 37364-0161

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

SARAH M. BRANCH
Counsel for the State
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

JERRY N. ESTES
District Attorney General
203 Madison Ave.
P.O. Box 647
Athens, TN 37371

REBBLE JOHNSON
Assistant District Attorney General
93 Ocoee St. N. # 200
P.O. Box 1351
Cleveland, TN 37364

OPINION FILED: _____

**AFFIRMED**

CURWOOD WITT
JUDGE

OPINION


The defendant, Erwin Keith Tinsely, was convicted in a jury trial in the Bradley County Criminal Court of reckless driving and evading arrest, both Class A misdemeanors. The jury also convicted him of driving on a revoked license, a Class B misdemeanor, and of speeding, a Class C misdemeanor. The trial court ordered him to serve 75% of an effective sentence of eleven months and twenty-nine days and to pay fines in the amount of $930.00. The defendant appeals pursuant to Rule 3, Tennessee Rules of Appellate Procedure, contending that he should be granted a new trial as the state failed to record his earlier trial and that his sentences are excessive. We disagree with the defendant's claims and affirm the trial court.


The record on appeal contains no transcript of the trial in this matter nor does it contain a statement of the evidence as described in Rule 24(c), Tennessee Rules of Appellate Procedure. We glean this brief summary of the facts from the "technical" record provided by the Court Clerk of Bradley County.


On February 16, 1995, Office Wayne White stopped the defendant for driving 65 miles per hour in a 45 mile per hour zone, and the defendant pulled into the lot of a car dealership. Because Officer White believed the defendant acted suspiciously, Officer White called a second officer to the scene. While he was awaiting the arrival of the backup officer, White checked the defendant's driver's license and discovered that it had been revoked. At some point, the two officers asked the defendant to turn off the car. The defendant, however, put the car into drive and accelerated away. The car jumped over a large curb and entered the street. The defendant turned right at a red light without stopping and sped away from the officers.

2

The defendant's first trial ended when the jury was unable to reach a verdict on December 5, 1995, and the case was reheard on March 7, 1996. At the second trial, the jury found the defendant guilty of reckless driving, evading arrest, driving on a revoked license, and speeding. The state filed a notice of intent to seek enhanced punishment on the basis of the defendant's two prior convictions for sale of cocaine in Georgia. Upon conviction, the trial court sentenced him to the maximum sentences of six months for reckless driving, eleven months and twenty-nine days for evading arrest, six months for driving on a revoked license, and thirty days for speeding. All sentences run concurrently, and the defendant must serve the maximum rate of 75% of his sentence before he is eligible for certain release programs. The defendant complains that the trial judge acted arbitrarily and improperly in ordering him to serve the maximum sentence allowed by law for each conviction.

When an accused challenges the length, range, or manner of service of a sentence, it is the duty of this court to conduct a <u>de novo</u> review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d)(Supp. 1996). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." <u>State v. Ashby</u>, 823 S.W.2d 166, 169 (Tenn. 1991). The burden for showing that the sentence is improper is on the appealing party. Tenn. Code Ann. § 40-35-210 sentencing commission comments.

A misdemeanant, unlike the felon, is not entitled to the presumption of a minimum sentence. <u>State v. Randall C. Conner</u>, No. 03C01-9401-CR-00024, slip op. at 6 (Tenn. Crim. App., Knoxville, Aug. 12, 1994); <u>State v. Bernell B.</u>

3

Lawson, No. 63, slip op. at 7 (Tenn. Crim. App., Knoxville, May 23, 1991). After imposing a determinate sentence consistent with the purposes and principles of our sentencing law, the trial court must determine the percentage of the sentence which the misdemeanant must serve before becoming eligible for certain release programs. Tenn. Code Ann. §§ 40-35-211; 40-35-302(b),(d).[1] In determining the percentage of the sentence, the court must consider enhancement and mitigating factors as well as the legislative purposes and principles related to sentencing. Tenn. Code Ann. § 40-35-302(d); State v. Palmer, 902 S.W.2d 391, 393-94 (Tenn.1995); State v. Gilboy, 857 S.W.2d 884, 888-889 (Tenn. Crim. App. 1993).

In this case, there is no transcript of the trial or the sentencing proceedings. We do not know what factors the trial court considered in arriving at its sentencing determinations. It is the appellant's duty to file a record of the proceedings that presents a fair, accurate, and complete account of what transpired below with respect to the issues on appeal. Tenn. R. App. P. 24(b); State v. Ballard, 855 S.W.2d 557, 560-561 (Tenn. 1993). In the absence of such a record, this court is bound by the conclusive presumption that the trial court acted correctly. State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). We are precluded from considering an issue where the record does not contain a complete transcript or statement of what transpired in the trial court with respect to that issue.[2] Brian M.

---

[1] Generally, a percentage of not greater than 75% of the sentence should be fixed for a misdemeanor offender; however, a DUI offender may be required to serve the full 100% of his sentence. Palmer, 902 S.W.2d 391, 393-94 (Tenn. 1995); Tenn. Code Ann. § 40-35-302(d).

[2] We note that the technical record contains evidence demonstrating that defendant has a significant history of prior criminal convictions and behavior, Tenn. Code Ann. § 40-35-114(1), and that he had no hesitation in committing a crime when the risk to human life was high. Tenn. Code Ann. § 40-35-114(10). Although the second factor may not be used to enhance the conviction for reckless driving, it was surely relevant to the offenses of evading arrest, driving on a revoked license, and speeding. These factors alone may well be sufficient to justify the service of 75% of the defendant's sentence.

4

<u>Herman v. State</u>, No. 03C01-9601-CR-00035, slip op. at 12 (Tenn. Crim. App., Knoxville, May 7, 1997).

The defendant argues that the state had a duty to see that his trial was properly recorded and that, since no record was made, this court should set aside the verdict and grant him a new trial. To support this argument the defendant mistakenly relies upon Tennessee Code Annotated section 40-14-307 which requires that "a designated reporter shall attend every stage of <u>each criminal case</u> before the court and shall record verbatim . . . all proceedings had in open court and such other proceedings as the judge may direct." Tenn. Code Ann. § 40-14-307(a)(1990)(emphasis added).

The defendant, however, has failed to note Tennessee Code Annotated section 40-14-301 which defines "criminal case" as "the trial of any criminal offense which is punishable by confinement in the state penitentiary." Tenn. Code Ann. § 40-14-301(2)(1990). The defendant was charged with four misdemeanors none of which were punishable by greater than eleven months and twenty-nine days in the county jail or workhouse. <u>See</u> Tenn. Code Ann. §§ 40-20-103, 40-35-111 (1990). Thus, he has no right under Tennessee law to a verbatim transcript of the proceedings in the trial court. <u>State v. Larry D. Swafford</u>, No. 03C01-9502-CR-00046, slip op. at 3 (Tenn. Crim. App., Knoxville, Nov. 16, 1995), <u>perm. to appeal denied</u> (Tenn. 1996); <u>see also</u> <u>State v. Hammond</u>, 638 S.W.2d 433, 435 (Tenn. Crim. App. 1982); <u>State v. Doyle Baugus</u>, No. 03C01-9103-CR-85, slip op. at 2 (Tenn. Crim. App., Knoxville, Sept. 17, 1991).

The defendant could have followed the procedures for preparing a statement of the evidence pursuant to Tennessee Rules of Appellate Procedure 24, but he did not.[3]  Given the deficient record on appeal, we must presume that the rulings of the trial court were correct.  Accordingly, we affirm the sentences imposed by the trial court.

_____
CURWOOD WITT, Judge


CONCUR:


_____
JOE B. JONES, Presiding Judge

_____
JOSEPH M. TIPTON, Judge


_____

[3]      Rule 24(c) of the Tennessee Rules of Appellate Procedure contains the procedures to be followed when a verbatim transcript is unavailable. The rule provides that

1.      An appellant, using the best available means including his recollection, shall  prepare a fair, accurate and complete account of what transpired below with respect to those issues that are the bases of the appeal;
2.      The statement, certified by the appellant or his counsel as an accurate account of the proceedings, must be filed with the clerk of the trial court within 90 days after filing the notice of appeal.
3.      Upon filing the statement, the appellant shall simultaneously serve notice of the filing on the appellee, along with a brief declaration of the issues he intends to present on appeal.  Proof of service must be filed with the trial court.
4.      The appellee then has fifteen days to file any objections to the statement prepared by the appellant.
5.      The trial court resolves any differences between the parties regarding the statement.

Tenn. R. App. P. 24(c).