# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### February 23, 2012 Session

## STATE OF TENNESSEE v. JASON PETER MEEKS

### Appeal from the Circuit Court for Coffee County
### No. 37323    Vanessa A. Jackson, Judge

### No. M2011-01134-CCA-R3-CD - Filed July 31, 2012

The Defendant, Jason Peter Meeks, was convicted of driving under the influence (DUI), violating the implied consent law, and leaving the scene of an accident, all misdemeanor offenses. The Defendant appeals pursuant to Rule 3, Tennessee Rules of Appellate Procedure, contending that he should be granted a new trial because the State failed to record his trial. We disagree with the Defendant's claim and affirm the judgments of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and JEFFREY S. BIVINS, JJ., joined.

Margaret C. Lamb (at trial), Tullahoma, Tennessee; and Jeffrey C. Gruber (on appeal), Murfreesboro, Tennessee, for the appellant, Jason Peter Meeks.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Senior Counsel; Charles Michael Layne, District Attorney General; and Felicia B. Walkup, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
## FACTUAL BACKGROUND

This cases arises from a one-car accident occurring during the early morning hours of January 11, 2009. On July 27, 2009, a Coffee County grand jury returned a three-count indictment against the Defendant, charging him in Count 1 with DUI, first offense, in Count 2 with violating the implied consent law, and in Count 3 with leaving the scene of an accident involving personal injury. See Tenn. Code Ann. §§ 55-10-101(a), -401(a), -406(a). The trial court found him indigent and appointed counsel. Following a jury trial on Counts 1 and 3, both Class A misdemeanors, the jury returned verdicts of guilty. Thereafter, the trial

court determined that the Defendant had violated the implied consent law, a Class C misdemeanor. The court imposed the following sentences: Count 1—an eleven-month and twenty-nine-day sentence to be served on supervised probation following thirty days of incarceration in the county jail, a $350 fine, and suspension of the Defendant's license for one year from the date of conviction; Count 2—suspension of the Defendant's license for one year from the date of conviction; and Count 3—a thirty-day sentence in the county jail to be served consecutively to the sentence in Count 1, and a $200 fine.

Judgments were filed on October 27, 2010. The Defendant filed a motion for new trial on November 15, 2010. On that same date, he filed a motion for preparation of transcripts of the trial and sentencing hearing; no disposition of this motion is apparent from the record. An amendment to the motion for new trial was filed on December 30, 2010. Following a hearing, an order denying the Defendant's motion for new trial was filed on May 4, 2011.

The Defendant filed a premature notice of appeal on April 18, 2011, while his motion for new trial was still pending.[1] The Defendant also filed a Statement of Evidence on June 17, 2011. The State did not respond. This case is now properly before this court.

## ANALYSIS

On appeal, the Defendant contends that it was plain error for the trial court to allow a trial in a court of record to proceed without a contemporaneous record of the trial. Initially, as pointed out by the State on appeal, and as conceded by the Defendant, he failed to include this issue in his motion for new trial. In Tennessee, "no issue presented for review shall be predicated upon error in the admission or exclusion of evidence . . . unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived." Tenn. R. App. P. 3(e); see State v. Keel, 882 S.W.2d 410, 416 (Tenn. Crim. App. 1994). However, "[w]hen necessary to do substantial justice, an appellate court may consider an error that has affected the substantial rights of an accused at any time, even though the error was not raised in the motion for a new trial or assigned as error on appeal." Tenn. R.

---

[1] The State asserts that the Defendant's notice of appeal document is untimely. The State makes no mention of the Defendant's filing a motion for new trial, which is a motion that tolls the thirty-day filing requirement from entry of the judgment. See Tenn. R. App. P. 4(a), (c). When a defendant files a motion for new trial, the time for appeal then runs from entry of the order denying a new trial. See Tenn. R. App. P. 4(c). The Defendant's notice of appeal was premature because it was filed before the order denying a new trial was entered. However, the premature nature of the Defendant's notice of appeal document is of no consequence, as it is deemed timely pursuant to Rule 4(e) of the Tennessee Rules of Appellate Procedure.

App. P. 36(b). This court will grant "plain error" review pursuant to Rule 36(b) only where the following five criteria are met:

> (a) The record . . . clearly establish[es] what occurred in the trial court;
> (b) a clear and unequivocal rule of law [has] been breached;
> (c) a substantial right of the accused [has] been adversely affected;
> (d) the accused did not waive the issue for tactical reasons; and
> (e) consideration of the error is "necessary to do substantial justice."

State v. Smith, 24 S.W.3d 274, 282 (Tenn. 2000) (quoting State v. Adkisson, 899 S.W.2d 626, 641-42 (Tenn. Crim. App. 1994)). If any of these five criteria are not met, we will not grant relief, and complete consideration of all five factors is not necessary when it is clear from the record that at least one of the factors cannot be established. Id. at 283.

Addressing the first four plain error factors, the Defendant submits that it is clear that no recording was made, that "it is impossible for [Defendant's] counsel to prepare and prosecute an adequate appeal without a record of the trial that is more than the cobbled-together notes and memories of trial attorneys," that the Defendant's "appeal process is imperiled by this disability," and that "[t]here is no record of the [Defendant] waiving his right to a record of the trial." Regarding the fifth factor, whether "consideration of the error is necessary to do substantial justice," the Defendant argues as follows:

> [T]here can be no sound argument for sparing the trial court the trivial burden of clicking a mouse and making a sound recording of every jury trial where there is no court reporter. This insignificant, almost immeasurably small, effort would protect the Defendant's substantial due process right of appeal by providing a verbatim record of the trial; the best means available.

The State responds that the Defendant is not entitled to a court reporter or electronic recording of his trial because his offenses were misdemeanors.

Indigent defendants have due process and equal protection rights to an appellate review as adequate as those defendants who can afford transcripts. See Mayer v. City of Chicago, 404 U.S. 189, 193 (1971). This means that the state must provide an indigent defendant with "a record of sufficient completeness to permit proper consideration of his claims." Id. at 194.

Our criminal code requires the state to furnish a court reporter in felony cases. Tenn. Code Ann. §§ 40-14-301 to -316. Indigent defendants in those cases are entitled to the transcript free of charge. See Elliott v. State, 435 S.W.2d 812 (Tenn. 1968). Tennessee

Code Annotated section 40-14-301 defines "criminal case" as "the trial of any criminal offense which is punishable by confinement in the state penitentiary." Tenn. Code Ann. § 40-14-301(2). The Defendant was charged with only misdemeanor offenses, none of which were punishable by greater than eleven months and twenty-nine days in the county jail or workhouse. See Tenn. Code Ann. §§ 40-20-103, 40-35-111. Thus, he has no right under Tennessee law to a verbatim transcript of the proceedings in the trial court. See, e.g., State v. Jack Franklin, No. 03C01-9711-CR-00491, 1998 WL 802002, at *5 (Tenn. Crim. App. Nov. 20, 1998); State v. Erwin Keith Tinsley, No. 03C01-9608-CC-00305, 1997 WL 559436, at *2 (Tenn. Crim. App. Sept. 9, 1997); State v. Larry D. Swafford, No. 03C01-9502-CR-00046, 1995 WL 680753, at *1 (Tenn. Crim. App. Nov. 16, 1995), perm. app. denied, (Tenn. May 6, 1996); State v. Doyle Baugus, No. 03C01-9103-CR-85, 1991 WL 180606, at *1 (Tenn. Crim. App. Sept. 17, 1991); State v. Hammond, 638 S.W.2d 433, 435 (Tenn. Crim. App. 1982).

Moreover, this court has held that the denial by a trial court of a defendant's motion for a court reporter in order to have a verbatim transcript of a misdemeanor trial does not create automatic reversible error. See Hammond, 638 S.W.2d at 434. Other methods of reporting trial proceedings may provide a defendant with a sufficiently complete record, including a narrative statement of the evidence. See Mayer, 404 U.S. at 194. In Tennessee, an appellant may prepare a Statement of the Evidence in lieu of a verbatim transcript if "no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available." Tenn. R. App. P. 24(c)[2]; see State v. Gallagher, 738 S.W.2d 624, 626 (Tenn. 1987); Hammond, 638 S.W.2d at 434. A narrative statement of the evidence, which was prepared in this case, is sufficient to preserve the issues on appeal. See Hammond, 638 S.W.2d at 434. We conclude that no clear and unequivocal rule of law has been breached. Smith, 24 S.W.3d at 282 (quoting Adkisson, 899 S.W.2d at 641-42).

---

[2] Rule 24(c) of the Tennessee Rules of Appellate Procedure contains the procedures to be followed when a verbatim transcript is unavailable. The rule provides that an appellant, using the best available means including his recollection, shall prepare a fair, accurate and complete account of what transpired below with respect to those issues that are the bases of the appeal. The statement, certified by the appellant or his counsel as an accurate account of the proceedings, must be filed with the clerk of the trial court within sixty days after filing the notice of appeal. Upon filing the statement, the appellant shall simultaneously serve notice of the filing on the appellee, along with a brief declaration of the issues he intends to present on appeal. Proof of service must be filed with the trial court. The appellee then has fifteen days to file any objections to the statement prepared by the appellant. The trial court resolves any differences between the parties regarding the statement. Tenn. R. App. P. 24(c).

The Defendant is not entitled to relief via plain error review on this ground. He has raised no additional issues for our review.

CONCLUSION

Based upon the foregoing, the judgments of the trial court are affirmed.

_____
D. KELLY THOMAS, JR., JUDGE