# CHARLES HUNTER and FRANKLIN WRIGHT, Plaintiffs in Error, v. STATE OF TENNESSEE, Defendant in Error.

Court of Criminal Appeals of Tennessee. March 27, 1969.

Certiorari Denied by Supreme Court July 7, 1969.

See also Tenn., 440 S.W.2d 1.

Albert H. Boyd, Memphis, for plaintiffs in error.

George F. McCanless, Atty. Gen., Albert D. Noe, IV, Asst. Atty. Gen., Nashville, Leonard T. Lafferty, Asst. Dist. Atty. Gen., Memphis, for defendant in error.

OPINION

PER CURIAM.

Pending final disposition of their original conviction upon appeal to the Supreme Court of Tennessee, the plaintiffs-in-error filed a petition under the Post-Conviction Procedure Act of this State (TCA §§ 40-3801—40-3824). Although their appeal from the judgment of the trial court dismissing their petition was addressed originally to the Supreme Court, it has been presented to this Court inasmuch as this Court is vested with original appellate jurisdiction in post-conviction procedure cases. TCA § 16-448.

■ ■ As far as this petition is concerned, it is sufficient to point out here that the petitioners' direct appeal of their original conviction and sentence for rape is also now pending in the Supreme Court. The settled law of this State is that a petition for the writ of habeas corpus may not be used to review or correct errors of law or fact committed by the court in the exercise of its jurisdiction, and the writ cannot be used as a substitute for or to serve the purpose of appeal or writ of error. State ex rel. Dawson v. Bomar, 209 Tenn. 567, 354 S.W.2d 763, cert. den. 370 U.S. 962, 82 S.Ct. 1620, 8 L.Ed.2d 829; State ex rel. Potter v. Bomar, 209 Tenn. 577, 354 S.W.2d 767; State ex rel. Holbrook v. Bomar, 211 Tenn. 243, 364 S.W.2d 887; State ex rel. Smith v. Bomar, 212 Tenn. 149, 368 S.W.2d 748, cert. den. 376 U.S. 915, 84 S.Ct. 670, 11 L.Ed.2d 612; State ex rel. Ivey v. Meadows, 216 Tenn. 678, 393 S.W.2d 744. It follows, as a necessary corollary to that rule of law, that a habeas corpus petition, or a petition under the

Post-Conviction Procedure Act, complaining of the original conviction and sentence, may not be maintained while a direct appeal of the same conviction and sentence is being prosecuted. Both remedies may not be pursued simultaneously. In 39 C.J.S. Habeas Corpus § 15, p. 449, the rule is stated: "Questions which may or should be decided at the trial or reviewed upon appeal or error have no place in a habeas corpus proceeding, at least within the period of possibility of an appeal, or where an appeal is pending." Again, the Oklahoma Court of Criminal Appeals said in Kessinger v. Page, 407 P.2d 1005: "When an appeal from a judgment and sentence is pending in the Court of Criminal Appeals, the Court will refuse to entertain an application for writ of habeas corpus." Also, the 8th Circuit Court of Appeals held in Masters v. Eide, 353 F.2d 517, that resort cannot ordinarily be had to a post-conviction relief statute or habeas corpus while appeal from the conviction is pending.

Moreover, our Post-Conviction Procedure Act clearly precludes resort to it to attack a conviction while a direct appeal from the same conviction is pending. TCA § 40-3802 provides: "A prisoner in custody under sentence of a court of this state may petition for post-conviction relief under this chapter at any time after he has exhausted his appellate remedies or his time for appeal in the nature of a writ of error has passed and before the sentence has expired or has been fully satisfied."

Accordingly, the judgment of the trial court dismissing the petition is affirmed.