# CARL J. CRAIN, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

## 451 S.W.2d 695.

Court of Criminal Appeals of Tennessee. Dec. 30, 1969.

Certiorari Denied by Supreme Court Feb. 16, 1970.

Hugh W. Stanton, Jr., Asst. Public Defender, Memphis, for plaintiff in error.

George F. McCanless, Atty. Gen., Paul E. Jennings, Asst. Atty. Gen., Nashville, Eugene C. Gaerig, Asst. Dist. Atty. Gen., Memphis, for defendant in error.

## OPINION

OLIVER, Judge.

Carl J. Crain, the petitioner below, indigent and represented by the Shelby County Public Defender, appeals to this Court from the judgment of the Criminal Court of Shelby County dismissing his petition for the writ of habeas corpus without an evidentiary hearing.

The trial judge dismissed the petition, on motion of the State, upon the ground that the petitioner's direct appeal from the conviction attacked by this petition was then still pending in the appellate courts of this State.

This petition was filed March 21, 1968. We know judicially that the petitioner's direct appeal from his conviction of grand larceny attacked by this petition, as well as another appeal from a like conviction, were pending before this Court at that time.

The only question here involved is whether a convicted defendant may attack his conviction collaterally by a habeas corpus or post-conviction relief petition while his direct appeal of his conviction is undergoing appellate review.

The settled law of this State is that a petition

for the writ of habeas corpus may not be used to review or correct errors of law or fact committed by the court in the exercise of its jurisdiction, and the writ cannot be used as a substitute for or to serve the purpose of appeal or writ of error. State ex rel. Dawson v. Bomar, 209 Tenn. 567, 354 S.W.2d 763, cert. den. 370 U.S. 962, 82 S.Ct. 1620, 8 L.Ed.2d 829; State ex rel. Potter v. Bomar, 209 Tenn. 577, 354 S.W.2d 767; State ex rel. Holbrook v. Bomar, 211 Tenn. 243, 364 S.W.2d 887; State ex rel. Smith v. Bomar, 212 Tenn. 149, 368 S.W.2d 748, cert. den. 376 U.S. 915, 84 S.Ct. 670, 11 L.Ed.2d 612; State ex rel. Ivey v. Meadows, 216 Tenn. 678, 393 S.W.2d 744. It follows, as a necessary corollary to that rule of law, that a habeas corpus petition, or a petition under the Post-Conviction Procedure Act, complaining of the original conviction and sentence, may not be maintained while a direct appeal of the same conviction and sentence is being prosecuted. Both remedies may not be pursued simultaneously. In 39 C.J.S. Habeas Corpus § 15, p. 449, the rule is stated: "Questions which may or should be decided at the trial or reviewed upon appeal or error have no place in a habeas corpus proceeding, at least within the period of possibility of an appeal, or where an appeal is pending." Again, the Oklahoma Court of Criminal Appeals said in Kessinger v. Page, Okl.Cr., 407 P.2d 1005: "Where an appeal from a judgment and sentence is pending in the Court of Criminal Appeals, the Court will refuse to entertain an application for writ of habeas corpus." Also, the 8th Circuit Court of Appeals held in Masters v. Eide, 8 Cir., 353 F.2d 517, that resort cannot ordinarily be had to a post-conviction relief statute or habeas corpus while appeal from the conviction is pending.

The judgment of the trial court is affirmed and the petition for the writ of habeas corpus is dismissed.

This case was heard and submitted to the Court prior to enactment of Chapter 330 of the Public Acts of 1969 increasing the membership of the Court.

WALKER, P. J., and GALBREATH, J., concur.