**Maurice GARRETT, Plaintiff in Error,**

**v.**

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

July 2, 1974.

Certiorari Denied by Supreme Court
Oct. 15, 1974.

Louis P. Chiozza, Jr., and Charles E. Baucum, Memphis, in the trial, Edward G. Thompson, Memphis, on appeal, for plaintiff in error.

Milton P. Rice, Atty. Gen., Weldon B. White, Jr., Asst. Atty. Gen., Nashville, Ewell C. Richardson, Asst. Dist. Atty. Gen., Memphis, for defendant in error.

## OPINION

RUSSELL, Judge.

Maurice Garrett, indigent and represented upon his trial and this appeal by members of the Public Defender's staff, appeals his conviction for armed robbery and twenty (20) year penitentiary sentence.

The only grounds set out in the motion for a new trial, and hence the only alleged errors properly before us, question the legal sufficiency of the convicting evidence. It was there said that there is no evidence to support the verdict, that the verdict is contrary to the law and the evidence and that the evidence preponderates against the verdict. The same grounds constitute the first three assignments of error.

■ The trial judge was unquestionably correct in denying the new trial. One could not imagine a stronger case. Garrett and a companion robbed a place of business. Garrett was seen standing atop a counter by passing policemen, who apprehended him as he left the premises, taking both a shotgun and a bag of loot from him. He was positively identified by all three employees of the victimized business. And to add the clincher, Garrett, against the advice of appointed counsel, took the witness stand and unequivocally admitted committing the robbery. His justification was that he was addicted to heroin and needed money for the drug, and in his view this kept his act from being robbery.

A week after the trial court had on June 15, 1973, overruled the motion for a new trial and granted this appeal in the nature of a writ of error, Garrett was transferred to the State penitentiary in Nashville. On July 12, 1973, the trial court clerk received and filed a paper writing prepared pro se by Garrett, called a "writ of habeas corpus, amendment to appeal and motion for release". He asked that it be "entered in as an amendment to and in with the appeal filed by the attorney for the Petitioner". On August 1, 1973, the prosecuting attorney moved, in accordance with the above motion of Garrett, "to include the paper writing filed herein in the technical record in Cause B36877 and upon the minutes and records incident to Cause number B36877". The Court entered an order on that date purporting to grant the motion, ordering the paper writing "be filed by the Clerk of the Criminal Court of Shelby County in Cause B36877 and be made a part of the technical record in Cause B36877 and thereby be submitted to the Court of Criminal Appeals of Tennessee as part of the bill of exceptions in Cause B36877 and further that the Clerk enter a copy of this Order in Cause number HC–1156. (Apparently, because the pro se petition had many of the characteristics of an inartfully drawn petition for post-conviction relief it had been so docketed as case HC–1156.)

All of this brings us to the balance of the assignments of error. It is said that

the trial judge erred in failing to rule upon the paper writing, which alleged (1) denial of a fair trial, (2) questioning by the prosecutor of witnesses about facts learned from an inadmissible confession, (3) denial of a subpoena for a police officer, (4) denial of a continuance, (5) denial of the "right to confront his accusers from the time of his arrest until trial", (6) denial of the entry of a plea of insanity, (7) failing to charge upon the included offense of an attempt to commit a felony, (8) improperly instructing the jury as to the testimony of two doctors and in not instructing the jury as to the prosecutor's closing argument, (9) allowing cross-examination of Garrett upon the words of the indictment "without explaining them to the defendant and which he did not understand", (10) failure of defense counsel to request instructions in writing, (11) failure of defendant to receive a list of the State's witnesses, and (12) denial of the right to present newly discovered evidence. In addition to complaining of the trial judge's failure to rule upon the above, the final assignment of error, also grounded upon allegations in the aforesaid paper writing, is that appointed counsel was ineffective.

■ This case is a classic example of the difficulties currently being experienced by our criminal courts in maintaining orderly procedures while fully and conscientiously protecting all of the rights of the accused. Garrett's guilt could not have been more certainly established, and was not even disputed. However, he refused to accept the advice of counsel who urged him not to take the stand and judicially confess and also expose his prior criminal record, and demanded to be allowed to testify. Then, before an appeal could even reach this court, he was attempting to launch a combination direct and collateral attack upon the conviction. Judicial processes must have order. It was too late to add additional grounds to a motion for a new trial after the original had been over-

ruled and an appeal granted. And generally matters cannot properly be argued upon appeal that have not been timely presented to the trial judge. Rule 14(5). So, as grounds for a new trial or reversal on appeal the paper writing is a complete nullity.

■ The learned trial judge was led by both parties into harmless error when he followed their requests and purported to make this paper writing a part of the technical record and bill of exceptions in this case. First, this order was entered on August 1, 1973, more than thirty (30) days after an appeal was granted to this Court on June 15, 1973. Secondly, a writing is either a part of the technical record in a case, as a matter of law and/or timely and proper judicial order, or it isn't. A writing does not become a part of the technical record in a case if it has no place in the technical record, simply because both parties ask that it be so designated. The time for filing pleadings in this case in the trial court had passed before this paper was ordered filed herein. Nor has this paper writing any place in the bill of exceptions, as it is no part of the proof in the case.

■ We do not have before us Case No. HC–1156, wherein this pro se petition was apparently the basis for a post-conviction proceeding; so it is inappropriate for us to rule that as a post-conviction proceeding the petition was obviously premature and subject to dismissal. T.C.A. § 40–3802; Crain v. State, 2 Tenn.Cr.App. 67, 451 S. W.2d 695.

While tempted to point out the obvious lack of merit in the pro se contentions as to matters in this record, we decline to do so in the name of order.

Affirmed.

WALKER, P. J., and OLIVER, J., concur.