IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1998 SESSION



**FILED**

**June 12, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| MOHAMED F. ALI | ) | NO. 03C01-9704-CR-00163 |
| Appellant | ) | |
| | ) | JOHNSON COUNTY |
| v. | ) | |
| | ) | HON. LYNN BROWN |
| STATE OF TENNESSEE | ) | |
| | ) | (Habeas Corpus) |
| Appellee. | ) | |
| | ) | |

For the Appellant:

Mohamed F. Ali, *pro se*
N.E.C.C. 226333
P.O. Box 5000
Mountain City, TN. 37683

For the Appellee:

John Knox Walkup
Attorney General & Reporter

Michael J. Fahey, II
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN. 37243

David E. Crockett
District Attorney General
Route 19, Box 99
Johnson City, TN. 37601

OPINION FILED:_____

AFFIRMED

WILLIAM M. BARKER, JUDGE

OPINION

The appellant, Mohamed F. Ali, appeals the Johnson County Criminal Court's dismissal of his *pro se* petition for a writ of habeas corpus. We affirm the judgment of the trial court.

The appellant was originally convicted by a jury of rape and attempting to bribe a witness and was sentenced to a consecutive term of fifteen (15) years. In his direct appeal, this Court affirmed appellant's convictions, but vacated the sentences for further proceedings. See State v. Mohamed F. Ali, No. 03C01-9405-CR-00171 (Tenn. Crim. App. at Knoxville, Sept. 26, 1996), *perm. app. denied* (Tenn. June 2, 1997). We remanded the case to the trial court for a determination of whether the appellant had affirmatively waived his right to counsel in the post-trial proceedings. If no such finding could be made from the record, then a new sentencing hearing was to be conducted. See separate op. at 5-6.

Thereafter, the appellant filed an application for permission to appeal in our state supreme court. That application was still pending on March 7, 1997, when appellant filed his *pro se* petition for a writ of habeas corpus. Appellant contended that he was entitled to habeas corpus relief based upon two grounds: (1) his sentences had expired pursuant to this Court's decision on direct appeal; and (2) his convictions and sentences were void as a result of the alleged denial of his right to counsel at the sentencing hearing. The trial court summarily dismissed appellant's petition upon finding that his application for permission to appeal was still pending before the supreme court and that any denial of his right to counsel was not a cognizable claim for habeas corpus.

On appeal, the appellant challenges the trial court's dismissal of his petition and reasserts the above grounds for relief. He further contends that habeas corpus is appropriate due to the alleged denial of his right to counsel at the hearing on his motion for a new trial.

2

Initially, we note that the appellant was seeking permission to appeal in our supreme court when he filed his habeas corpus petition. It is well established that a petition for a writ of habeas corpus or a petition under the Post Conviction Procedure Act, complaining of a conviction and sentence, cannot be maintained while a direct appeal of the same conviction and sentence is being prosecuted. See Crain v. State, 451 S.W.2d 695, 696 (Tenn. Crim. App. 1969), *perm. app. denied* (Tenn. 1970); Hunter v. State, 443 S.W.2d 532 (Tenn. Crim. App. 1969), *perm. app. denied* (Tenn. 1969). Habeas corpus may not be used as a substitute for or to serve the purpose of an appeal. See State ex rel. Dawson v. Bomar, 354 S.W.2d 763, 766 (Tenn. 1962), *cert. denied.* 370 U.S. 962 (1962).

In both the habeas corpus petition and the application for permission to appeal, the appellant alleged that he was denied the right to counsel during the post-trial hearings. That simultaneous pursuit of relief from the same convictions and sentences was improper and the habeas corpus petition was properly dismissed.

Nevertheless, even if addressed on the merits, appellant's petition for a writ of habeas corpus must fail. A criminal defendant is not entitled to a writ of habeas corpus unless he or she proves by a preponderance of the evidence that the judgment is void or the term of imprisonment has expired. See State ex rel. Jordan v. Bomar, 398 S.W.2d 724, 726 (Tenn. 1965); State ex rel. Kuntz v. Bomar, 381 S.W.2d 290, 291 (Tenn. 1964). Trial courts may summarily dismiss a petition for a writ of habeas corpus if the petition fails to state a cognizable claim on its face. See Tenn. Code Ann. § 29-21-109 (Supp. 1994).

In this case, appellant contended that his sentences had expired pursuant to this Court's opinion in the direct appeal and that his sentences were void from the alleged denial of his right to counsel at the sentencing hearing. The trial court dismissed appellant's petition upon finding that the "cause fails to state a claim upon which relief can be granted." We find nothing to disturb the trial court's decision. The

3

record reflects that appellant's application for permission to appeal was pending when he filed his habeas corpus petition. Therefore, at that time, this Court's decision in the direct appeal was stayed pending final disposition by the high court. Tenn. R. App. P. 42(b). Appellant's sentences were not expired.[1]

Moreover, the trial court correctly ruled that any infringement of appellant's right to counsel was not cognizable by habeas corpus. This Court has previously held that a claim alleging ineffective assistance of counsel may render a judgment voidable, but not void, unless the face of the record establishes that the trial court did not have jurisdiction of the defendant, the convicted offense, or the authority to render the judgment. See Passarella v. State, 891 S.W.2d 619, 626 (Tenn. Crim. App. 1994), *perm. app. denied* (Tenn. 1994). Similarly, a denial of the right to counsel under the Sixth Amendment to the United States Constitution and Article I, section 9 of our state constitution would make the judgment voidable, not void.

Based upon the foregoing, we conclude that the trial court properly dismissed appellant's *pro se* petition for a writ of habeas corpus. The judgment of the trial court is affirmed.

_____
WILLIAM M. BARKER, JUDGE


CONCUR:


_____
JOSEPH M. TIPTON, JUDGE


_____
J. CURWOOD WITT, JR., JUDGE

---

[1]The supreme court denied appellant's application for permission to appeal on June 2, 1997. In that regard, the opinion of this Court in the direct appeal became final and the case should be addressed by the trial court consistent with that opinion. See State v. Irick, 906 S.W.2d 440, 443 (Tenn. 1995); Tenn. R. App. P. 43(c).