IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 12, 2000

## JOHNNY BERNARD JONES v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Fayette County**
**No. 4504   Jon Kerry Blackwood, Judge**

---

**No. W2000-01241-CCA-R3-PC - Decided November 9, 2000**

---

This appeal follows dismissal of the Appellant's petition for post-conviction relief. The Appellant, Jones, was convicted by a Fayette County jury of possession of cocaine (over 26 grams) with intent to sell and possession of marijuana.  On direct appeal, his convictions and sentences were affirmed. The Appellant filed this post-conviction petition asserting the following errors:   (1) the trial court erred in not granting the Appellant's motion to sever; (2) the trial court erred in sentencing the Appellant; and (3) deficient representation by defense counsel including failing to timely file a Rule 11 application to the supreme court from this court's decision.  We find that Appellant's defense counsel was ineffective with respect to his failure to timely file a Rule 11 application.  Accordingly, the Appellant is granted the right to seek a delayed appeal to the Tennessee Supreme Court.  Denial of post-conviction relief is affirmed as to the remaining issues.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed; Delayed Appeal Granted.**

DAVID G. HAYES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and THOMAS T. WOODALL, J., joined.

William S. Rhea, Somerville, Tennessee, for the Appellant, Johnny Bernard Jones.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Kim R. Helper, Assistant Attorney General, Elizabeth T. Riche, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The Appellant, Johnny Bernard Jones, appeals the denial of his petition for post-conviction relief by the Fayette County Circuit Court.  A jury convicted him of possession of cocaine (over 26 grams) with intent to sell and possession of marijuana.  The trial judge sentenced the Appellant to

twenty years as a Range II offender. His conviction was affirmed on direct appeal to this court. *See* State v. Johnny Benard Jones and Clifford Lavern Mitchell, No. 02C01-901–CC-00026 (Tenn. Crim. App. at Jackson, Dec. 21, 1998). The Appellant filed a *pro se* motion for post-conviction relief in July 1999. Following a hearing on the merits, the post-conviction court denied the Appellant's petition for post-conviction relief. From this denial, the Appellant now appeals as of right asserting the following errors at trial:

> (1) The Appellant received ineffective assistance of counsel:
> - (A) Defense counsel failed to timely file a Rule 11 application to the Tennessee Supreme Court;
> - (B) Defense counsel failed to introduce into evidence critical letters regarding the co-defendant's admission against interest;
> - (C) The defense counsel failed to file a Rule 9 interlocutory appeal;
> - (D) Defense counsel coerced the Appellant into not testifying at trial;
>
> (2) The trial court erred by denying the Appellant's motions for severance; and
>
> (3) The trial court erred in sentencing the Appellant.

After reviewing the record, we affirm the court's denial of post-conviction relief. However, we find defense counsel's failure to timely file a Rule 11 application to constitute ineffective assistance of counsel. Accordingly, the Appellant is granted a delayed appeal of his original conviction to the Tennessee Supreme Court.

## I. Ineffective Assistance of Counsel

The Appellant asserts that the trial court erred in dismissing his petition for post-conviction relief and in finding that he received effective assistance of counsel. Since Appellant's petition was filed in July of 1999, it is governed by the provisions of the 1995 Post-Conviction Procedure Act. Thus, at the post-conviction hearing, the Appellant bears the burden of establishing his allegations contained in the petition by clear and convincing evidence. TENN. CODE ANN. § 40-30-210(f)(1997). Findings of fact and conclusions of law made by a post-conviction court are given the weight of a jury verdict. Davis v. State, 912 S.W.2d 689, 697 (Tenn. 1995). Unless evidence contained in the record preponderates against the judgment, this court is bound by those findings on appeal. Id. This court may not reweigh or reevaluate the evidence or substitute its inferences for those drawn by the trial court. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact; thus, our review of this case is *de novo*. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

Furthermore, to succeed in a challenge for ineffective assistance of counsel, the Appellant must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Under Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984), the Appellant must establish (1) deficient representation and (2) prejudice resulting from the deficiency.

## A. Delayed Appeal

First, we address the Appellant's right to a delayed appeal. The Appellant contends that defense counsel was ineffective because he failed to timely apply for permission to appeal to the Tennessee Supreme Court, pursuant to Tenn. R. App. P. 11, from this court's affirmance of his conviction and sentence. The Appellant's defense counsel, Andrew Johnston, filed the application one day late. At the post-conviction hearing, Johnston testified that he "miscalculated the days by one day." Johnston further testified that he submitted an affidavit with the Rule 11 application indicating that it was solely his fault that the application was not timely filed. Additionally, Johnston informed the Appellant that he should raise ineffective assistance of counsel in a post-conviction proceeding if the supreme court denied his Rule 11 application because it was not timely filed. The Tennessee Supreme Court later denied the appellant's Rule 11 application.

Pursuant to Pinkston v. State, 668 S.W.2d 676, 677 (Tenn. Crim. App.), *perm. to appeal denied*, (Tenn. 1984), this court provided that, "unilateral termination of a direct appeal following first-tier review entitles a prospective appellant to relief in the form of a delayed appeal." *See also* Gibson v. State, 7 S.W.3d 47, 49 (Tenn. Crim. App. 1998). The minimum requirements to assure that an Appellant's due process rights are protected on appeal are defined in Rule 14, Tenn. Sup. Ct. R. *See* State v. Brown, 653 S.W.2d 765, 766-67 (Tenn. Crim. App. 1983).

The post-conviction court denied the Appellant's petition for post-conviction relief, finding that "the defendant was not denied ineffective assistance of counsel." The court further found that the Appellant's defense counsel "did his job in giving him good, sound legal advice" and "did more than an ample job of keeping his client informed as to the current status of the case." However, with respect to the Rule 11 application, the post-conviction court granted "the petitioner the right to make that application." Although finding a factual basis for relief, the post-conviction court opined that it lacked the authority to vacate and reinstate the court of criminal appeal's judgment in order to permit a timely filing. Specifically, the post-conviction court held:

> Lastly, petitioner asserts that there was a late filing for a Rule 11 application to the Supreme Court for permission to appeal. This issue does have merit, in that the application was filed one day late, through no fault of the defendant. However, according to Pinkston v. State, 668 S.W.2d 776 (Tenn. Crim. App. 1984), the Court is unable to grant permission to the defendant for a delayed application to appeal to the Supreme Court. According to Pinkston, the trial court has no authority to grant relief directly, because only the Appellate Court can vacate and reinstate its own judgment. The court in Pinkston goes on to reiterate that the petitioner would be able to appeal that judgment to the Court of Criminal Appeals.

While the trial court's position was correct under prior law, the 1995 Post-Conviction Procedure Act expressly provides the trial courts with the authority to grant a delayed appeal for second tier appellate review. *See* TENN. CODE ANN. § 40-30-213(a)(1997); Tenn. Sup. Ct. R. 28 § 9(D). *See also* Gibson v. State, 7 S.W.2d at 49. The State concedes the Appellant is entitled to the relief sought. Accordingly, the Appellant should be allowed to seek review by the supreme court on a delayed basis.

From a procedural aspect, we note that the Appellant seeks relief in two different directions: (1) from the supreme court for second tier appellate review of his original conviction and (2) for a new trial pursuant to post-conviction relief. Our ruling in this case will have the effect of permitting two appeals to be entertained at the same time, *i.e.*, a Rule 11 application to appeal from the original conviction and a Rule 11 application for permission to appeal from our ruling denying post-conviction relief. A petition for post-conviction relief, complaining of the original conviction and sentence, may not be maintained while a direct appeal of the same conviction and sentence is being prosecuted. *See* Laney v. State, 826 S.W.2d 117, 118 (Tenn. 1982); Jones v. State, 2 Tenn. Crim. App. 284, 453 S.W.2d 695 (Tenn. Crim. App.), *cert. denied*, (Tenn. 1970); Crain v. State, 2 Tenn. Crim. App. 67, 451 S.W.2d 695 (Tenn. Crim. App.), *cert. denied*, (Tenn. 1970); Hunter v. State, 1 Tenn. Crim. App. 392, 443 S.W.2d 532 (Tenn. Crim. App.), *cert. denied* (Tenn. 1969). *See, e.g.*, TENN. CODE ANN. § 40-30-202(a) and (c)(1997). Because a post-conviction petition may not be filed until the final judgment of the highest court has been entered, *see* TENN. CODE ANN. § 40-30-202, the instant petition for post-conviction relief was filed prematurely and should have been dismissed accordingly. Moreover, if the Appellant's Rule 11 application for permission to appeal from his original conviction is granted and the ultimate holding by the supreme court is favorable to the appellant, this court's time has been wasted on an appellate issue which is rendered moot. *See* Laney, 826 S.W.2d at 118.

In those situations where an appellant seeks post-conviction relief both in the form of a new trial and a delayed appeal, we believe the better procedure is for the trial court to grant the delayed appeal, when warranted, and dismiss the collateral attack upon the conviction without prejudice. We are cognizant of the statutory provision which contemplates the filing of only one petition for post-conviction relief from a single judgment. TENN. CODE ANN. § 40-30-202(c). This statute provides if a petition has been resolved on its merits, a subsequent petition must be summarily dismissed. TENN. CODE ANN. §§ 40-30-202(c); 40-30-206(b). Conversely, we interpret this to mean that those petitions not resolved on their merits are not subject to dismissal. This procedure would allow the Appellant to pursue his post-conviction relief after review from the supreme court. The order of the supreme court denying an application for permission to appeal pursuant to Rule 11 shall be deemed a final judgment and the petition for post-conviction relief must be filed within one year of the date of this order; otherwise, the petition is barred. TENN. CODE ANN. § 40-30-202. However, due to the posture of the Appellant's appeal before this court seeking redress in the form of a delayed appeal and a new trial, we have elected to address each of these issues in turn.

## B. Letters

Again, the Appellant contends he was denied effective assistance of counsel because defense counsel "failed to move for severance based on the presence of the letters." The Appellant refers to letters written between him and his co-defendant while both were incarcerated prior to trial.[1] The Appellant argues that the co-defendant's letters "implicate the co-defendant as the guilty party" and further show that the co-defendant was trying to get the Appellant to assume total responsibility for the crimes.

First, we note that Appellant's argument is flawed because counsel did, in fact, argue a motion to sever which was based, in part, upon the letters. At the post-conviction hearing, defense counsel explained that he argued the existence of the letters, their relevance, and the legal reasons why a severance was needed to the trial court. The trial court denied his motion. Consequently, the Appellant has failed to meet his burden of proving by clear and convincing evidence that counsel was deficient in his efforts. Furthermore, upon review of the record, we find that of the five letters written to the Appellant by the co-defendant, only one portion of one letter would have been admissible, that letter containing the statement: "The shit was in my hand but it wasn't when they found it."[2] We conclude that counsel's failure to include this statement did not prejudice the defense

---

[1]The following excerpts from the letters illustrate the exchanges between the Appellant and his co-defendant:

| Co-defendant: | So man, not forcing you into any hole, but you can take it and I can give you the money after hitting the streets...It's like this, the shit was in my hand but it wasn't when they found it...when I get out, because like you said, both of us don't need to go down for this...all I have to do is lay here and wait until trial time and say I was a passenger and I didn't have any means of knowing about the drugs. |
| --- | --- |
| Appellant: | You told me that you was going to turn me a lose, and man I had my mine (sic) set on that too...man, like I said man you going to have both of us going down...you said you was (sic) going to cut me alose (sic). |
| Co-defendant: | The lawyers I talk to said I had a better chance of winning this shit than you. So let's put you in my shoes if you had a better chance on winning this shit would you cope (sic) out? |

[2]Post-conviction counsel argues that the letters could have been admitted into evidence as a statement against interest if a severance had been obtained because the co-defendant would have taken the 5th Amendment, making him unavailable. Although counsel's basis for admission is proper, his argument fails to consider that only self-inculpatory statements made by the declarant are admissible. Other than the one inculpatory statement by the co-defendant, which is identified above, the remaining contents of the letters sought to be introduced suggest joint criminal responsibility which clearly would not have benefitted the appellant. Tenn. R. Evid. 804(b)(3) does not allow admission of non-self-inculpatory statements, even if they are made within a broader narrative that is generally self-inculpatory. COHEN ET AL., TENNESSEE LAW OF EVIDENCE § 804(b)(3).3, (3rd ed. 1995).

at trial.[3]  Therefore, we do not find that defense counsel was ineffective with respect to this issue.

### C. Interlocutory Appeal

The Appellant contends that defense counsel was ineffective because he did not file an interlocutory appeal, under Tenn. R. App. P. 9, when the trial court denied his motion for severance. Defense counsel made and argued the motion for severance, which was denied by the trial court. Defense counsel also renewed the motion to sever at trial.  The issue was properly preserved and raised upon direct appeal.  Whether the issue of severance was presented to this court by means of a Rule 9 or Rule 3 appeal is of no consequence.  The fact remains that this issue was presented to this court by counsel and was found to be without merit.  Accordingly, deficient representation has not been shown.

### D. Coerced Into Not Testifying

Finally, the Appellant asserts that defense counsel was ineffective because he "coerced him into not testifying."  At the post-conviction hearing, defense counsel explained that he advised the Appellant against testifying, but ultimately left the decision up to him.  Defense counsel further explained to the Appellant that if he testified his prior criminal history could be introduced against him and that his explanation for having scales in the backseat of his car would most likely not appear credible to a jury.  Moreover, when asked, the Appellant told the trial judge it was his decision not to testify. The post-conviction court properly found this issue to be without merit. Defense counsel's advice was based purely on trial strategy.  Ultimately, the decision was made by the Appellant as to whether he would or would not testify.  This court is bound by the trial court's findings unless the evidence preponderates against those findings. Black v. State, 794 S.W.2d at 755.  We conclude that there is no evidence contained within the record that preponderates against those findings. Therefore, this issue is without merit.

### II. Motion for Severance

The Appellant asserts that the trial court erred by not granting his motion for severance of the defendants.  However, this court has already ruled on direct appeal that the trial court did not abuse its discretion in denying the motion to sever.  *See* State v. Johnny Benard Jones and Clifford Lavern Mitchell, No. 02C01-901–CC-00026.  Since the trial court's decision has already been litigated, it is may not be raised again in a post-conviction proceeding. TENN. CODE ANN. § 40-30-206(f).  Therefore, this issue is without merit.

---

[3]In order to find counsel ineffective, both deficiency and prejudice must be shown. Strickland v. Washington, 466 U.S. at 686, 104 S.Ct. at 2064.

### III.  Sentencing

The Appellant argues that the trial court erred in sentencing him to twenty years as a multiple Range II offender to serve 35% before he can be eligible for release classification.  However, there is no appellate review of a sentence in a post-conviction hearing.  TENN. CODE ANN. § 40-35-401(a). Furthermore, this issue was already addressed on direct appeal and therefore cannot be relitigated in a post-conviction hearing.  TENN. CODE ANN. § 40-30-206(f); *See* State v. Johnny Benard Jones and Clifford Lavern Mitchell, No. 02C01-901–CC-00026.  Therefore, this issue is also without merit.


### CONCLUSION

Based upon the foregoing, we affirm the post-conviction court's denial of post-conviction relief relative to the ineffective assistance of counsel at trial, however the record supports grounds for relief in order to allow the Appellant to seek review of this court's judgment by the Tennessee Supreme Court in a delayed appeal.  Therefore, the Appellant has sixty (60) days from the date of release of this opinion to seek Rule 11 review.  Tenn. R. App. P. 11; *See* Tenn. S.Ct. R. 28 § 9(C) and (D).


_____
DAVID G. HAYES, JUDGE