IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs November 28, 2017

**STATE OF TENNESSEE v. CHARLES PHILLIP MAXWELL**

**Appeal from the Criminal Court for Davidson County**
**No. 2015-A-347    Joseph P. Binkley, Jr., Judge**

———————————————————

**No. M2017-00865-CCA-R3-CD**

———————————————————

Defendant, Charles Phillip Maxwell, was convicted of driving on a suspended license (second offense) following a bench trial. The trial court imposed a sentence of eleven months and twenty-nine days, to be served at sixty percent release eligibility and a fine of $2,500.00. On appeal, Defendant raises twenty-seven issues. A number of these issues we have deemed are waived.  Having reviewed the entire record and the briefs of the parties, we find no error and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and J. ROSS DYER, JJ., joined.

Charles Phillip Maxwell, Nashville, Tennessee, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Glenn R. Funk, District Attorney General; and Kyle Anderson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Background*

No transcript of the evidence or sufficient statement of the evidence at trial is included in the record. The following facts are excerpted from the presentence report for background purposes:

> On March 28, 2014, at approximately 3:01 p.m., Officer Matthew Carson conducted a traffic stop on Robertson Avenue/Annex Avenue, for having a cracked windshield.  The windshield was obstructing the

driver's view. The vehicle also had a cracked taillight, which produced a white light from the rear of the vehicle.

When Officer Carson approached the vehicle, there was only one occupant in the car. Officer Carson identified himself to the Defendant, Charles Maxwell. Officer Carson asked the Defendant for his driver's license. The Defendant stated he was going to plead the 5th to any questions officers had.

Officer Carson requested backup to assist with the traffic stop. Once other officers arrived, Officer Carson again asked the Defendant for his I.D. or driver's license. The Defendant stated again that he was going to plead the 5th. At that time, Officer Carson asked the Defendant to st[e]p out of the vehicle, and he refused.

Officers opened the door, and the Defendant stepped out freely. The Defendant was then placed into custody. The Defendant was found in arms, [sic] and it was discovered that he had a suspended driver's license. The Defendant repeatedly asked, "Who do you represent?" Police responded and told the Defendant who they were. The Defendant continued to ask the same question over and over.

Due to the Defendant not giving his I.D. or a driver's license, there was a reasonable likelihood to believe he would not appear in court due to him not knowing who police were, after officers explained to hi[m] several times who they were.

The Defendant was arrested and charged with driving while license suspended.

The Defendant's case was transferred from DIV. I Judge Dozier to the 5th Circuit Court with Judge Binkley. He was in court with Judge Binkley for a trial on 11/01/2016. He was convicted of Ct. 1 suspended driver's license, 2nd Offense. He will be scheduled for a sentencing hearing after the completion of this presentencing report.

A video recording of the stop was included in the record. Defendant refers to himself as a "sovereign" throughout his filings in the trial court. We note that Defendant appears to reference the trial court and/or all persons involved as "347" throughout his brief, perhaps based upon the trial court's docket number 2015-A-347.

*Analysis*

## I.    Denial of a "Stenographer." (Defendant's Issue XIV)

Defendant raises twenty-seven issues in his brief. For the sake of clarity, we have chosen to address the issues in a different order from that of Defendant. The first issue that we will address is whether the trial court violated Defendant's right to due process by conducting his trial without a "stenographer" present to record the proceedings (Defendant's Issue XIV).

Concerning this issue, the trial court concluded in its order denying the motion for new trial:

> A. As this Court advised Defendant during the pretrial-motions hearing on October 31, 2016, the case law is clear that in a criminal case the State of Tennessee must provide a court reporter to record verbatim all proceedings that occurred in open Court([Tenn. Code Ann.] § 40-14-317). However, [Tenn. Code Ann.] § 40-14-301(2) defines a "criminal case" as one which is "punishable by confinement in the State penitentiary" which includes all felony cases.

> B. In the case of *State of Tennessee v. [Jason Peter] Meeks*[, No. M2011-01134-CCA-R3-CD,] 2012 WL 3085563, at *2 [(Tenn. Crim. App. July 31, 2012), *no perm. app. filed*], the Court notes that the trial court found the Defendant Meeks to be indigent and appointed him counsel for the trial; however, even though Meeks was determined to be indigent and had appointed counsel, since all of the charges in the indictment were misdemeanors, the Defendant was not entitled to have a court reporter present to record verbatim all of the Court proceedings.

We agree with the trial court that Defendant is not entitled to have a court reporter present to record verbatim all of the proceedings in the trial court. In *Jason Peter Meeks* this court held:

> Our criminal code requires the state to furnish a court reporter in felony cases. Tenn. Code Ann. §§ 40-14-301 to -316. Indigent defendants in those cases are entitled to the transcript free of charge. *See Elliott v. State*, 435 S.W.2d 812 (Tenn. 1968). Tennessee Code Annotated section 40-14-301 defines "criminal case" as "the trial of any criminal offense which is punishable by confinement in the state penitentiary." Tenn. Code Ann. § 40-14-301(2). The Defendant was charged with only misdemeanor offenses, none of which were punishable by greater than eleven months and twenty-nine days in the county jail or workhouse.

- 3 -

*See* Tenn.Code Ann. §§ 40-20-103, 40-35-111. Thus, he has no right under Tennessee law to a verbatim transcript of the proceedings in the trial court. *See, e.g.*, *State v. Jack Franklin*, No. 03C01-9711-CR-00491, 1998 WL 802002, at \*5 (Tenn. Crim. App. Nov. 20, 1998); *State v. Erwin Keith Tinsley*, No. 03C01-9608-CC-00305, 1997 WL 559436, at \*2 (Tenn. Crim. App. Sept. 9, 1997); *State v. Larry D. Swafford*, No. 03C01-9502-CR-00046, 1995 WL 680753, at \*1 (Tenn. Crim. App. Nov. 16, 1995), *perm. app. denied*, (Tenn. May 6, 1996); *State v. Doyle Baugus*, No. 03C01-9103-CR-85, 1991 WL 180606, at \*1 (Tenn. Crim. App. Sept. 17, 1991); *State v. Hammond*, 638 S.W.2d 433, 435 (Tenn. Crim. App. 1982).

Moreover, this court has held that the denial by a trial court of a defendant's motion for a court reporter in order to have a verbatim transcript of a misdemeanor trial does not create automatic reversible error. *See Hammond*, 638 S.W.2d at 434. Other methods of reporting trial proceedings may provide a defendant with a sufficiently complete record, including a narrative statement of the evidence. *See Mayer*, 404 U.S. at 194. In Tennessee, an appellant may prepare a Statement of the Evidence in lieu of a verbatim transcript if "no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available." Tenn. R. App. P. 24(c); *see State v. Gallagher*, 738 S.W.2d 624, 626 (Tenn. 1987); *Hammond*, 638 S.W.2d at 434. A narrative statement of the evidence, which was prepared in this case, is sufficient to preserve the issues on appeal. *See Hammond*, 638 S.W.2d at 434. We conclude that no clear and unequivocal rule of law has been breached. *Smith*, 24 S.W.3d at 282 (quoting *Adkisson*, 899 S.W.2d at 641-42).

*State v. Meeks*, No. M2011-01134-CCA-R3CD, 2012 WL 3085563, at \*2-3 (Tenn. Crim. App. July 31, 2012). Defendant in this case cannot show that the trial court violated his right to due process by conducting his misdemeanor trial without a "stenographer" present to record the proceedings. Defendant is not entitled to relief on this issue.

Because there are no transcripts of the trial proceedings in this case, we are unable to review many of the issues raised by Defendant. On appeal, the defendant has "a duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal." *State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993) (citing *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983)). "Absent the necessary relevant material in the record an appellate court cannot consider the merits of an issue." *Id.* at 561.

It is well-established that an appellate court is precluded from considering an issue when the record does not contain a transcript or statement of what transpired in the trial court with respect to that issue. Moreover, the appellate court must conclusively presume that the ruling of the trial judge was correct, the evidence was sufficient to support the defendant's conviction, or the defendant received a fair and impartial trial. In summary, a defendant is effectively denied appellate review of an issue when the record transmitted to the appellate court does not contain a transcription of the relevant proceedings in the trial court.

*State v. Draper*, 800 S.W.2d 489, 493 (Tenn. Crim. App. 1990) (footnotes omitted).

When a transcript of the relevant proceedings is not available, a defendant is instructed to prepare an adequate statement of the evidence or proceeding:

If no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available, the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal. The statement, certified by the appellant or the appellant's counsel as an accurate account of the proceedings, shall be filed with the clerk of the trial court within 60 days after filing the notice of appeal. *Upon filing the statement, the appellant shall simultaneously serve notice of the filing on the appellee, accompanied by a short and plain declaration of the issues the appellant intends to present on appeal.* Proof of service shall be filed with the clerk of the trial court with the filing of the statement. If the appellee has objections to the statement as filed, the appellee shall file objections thereto with the clerk of the trial court within fifteen days after service of the declaration and notice of the filing of the statement. Any differences regarding the statement shall be settled as set forth in subdivision (e) of this rule.

* * *

* * *

The trial judge shall approve the transcript or statement of the evidence and shall authenticate the exhibits as soon as practicable after the filing thereof or after the expiration of the 15-day period for objections by appellee, as the case may be, but in all events within 30 days after the expiration of said period for filing objections. Otherwise the transcript

- 5 -

or statement of the evidence and the exhibits shall be deemed to have been approved and shall be so considered by the appellate court, except in cases where such approval did not occur by reason of the death or inability to act of the trial judge.  In the event of such death or inability to act, a successor or replacement judge of the court in which the case was tried shall perform the duties of the trial judge, including approval of the record or the granting of any other appropriate relief, or the ordering of a new trial.  Authentication of a deposition authenticates all exhibits to the deposition.  The trial court clerk shall send the trial judge transcripts of evidence and statements of evidence.

Tenn. R.App. P. 24(c) and (f) (emphasis added).

It appears that the defendant attempted to do this by filing a "Statement of the Evidence and Proceedings," which is included in the supplemental technical record. However, it is obvious from the language in Tenn. R. App. P. 24 that proper service upon appellee of the proposed statement of evidence *must* be done in order for the proposed statement of evidence to be reviewed by the appellate court.  Otherwise, the appellee never has opportunity to object to the proposed statement of the evidence within the 15-day time limit.  The appellee is the State of Tennessee represented by the District Attorney General in Nashville, located at Washington Square Suite 500, 222 2nd Avenue North, Nashville, TN 37201-1649.  This is *not* the same address as "the courthouse." Defendant's certification of service included on the proposed statement of evidence says: "[I] verify a copy of the foregoing was served to the accusers by hand delivery to their courthouse on the 26th day of the fifth[sic] month of the year A.D., two thousand seventeen.  Even if it was properly presented, we still must determine whether the statement of the evidence "is sufficient for this Court to conduct a meaningful review of the issues on appeal." *Marra v. Bank of New York*, 310 S.W.3d 329, 336 (Tenn. Ct. App. 2009).  Defendant's proposed statement of the evidence is more of an extension of the arguments in his briefs than it is a statement of the evidence presented. It fails to properly detail the testimony of the witnesses.  No "short and plain declaration" of the issues intended to be presented on appeal was included.  Defendant failed to comply with Tenn. R. App. P. 24.  Accordingly, the proposed statement of the evidence will not be considered.

Because there are no transcripts of the trial proceedings, and no appropriate statement of the evidence was filed in this case, we deem that the following issues raised by Defendant are waived:

1. "Accuser's acts and 347 are void for lack of jurisdiction for lack of any plea[.]" (Defendant's Issue IV).

- 6 -

2. "Accusers, acts and 347 are void for lack of jurisdiction for lack of the reading of any charge or accusation to appellant[.]" (Defendant's Issue V).
3. "Accuser's acts and 347 are void for violation of Right to counsel[.]" (Defendant's Issue VI and VII).
4. "Accusers 'acts and 347 are void for violation of Right to Witnesses[.]" (Defendant's Issue VIII).
5. "Accuser's acts and 347 is void for violation of Supreme Court Rule 10B[.]" (Defendant's Issue IX).
6. "Accusers acts and 347 are void for violation of the Right to a trial by jury[.]" (Defendant's Issue XI).
7. "Accusers' act and 347 is void for violation of the Rights of due process defenses[.]" (Defendant's Issue XII).
8. "Accusers' acts and 347 are void for not reasonably perceived unbiased preside and biased transfer[.]" (Defendant's Issue XV).
9. "Accusers and 347 allowed inadmissible evidence records and testimony[.]" (Defendant's Issue XVI).
10. "Accusers acts and 347 are void for violation of Right to witness testimony at post trial motion for new trial, or arrest of judgment[.]" (Defendant's Issue XVII).
11. "Accusers acts and 347 are void for lack of lawful suspension and against such evidence[.]" (Defendant's Issue XVIII).
12. "Accusers' acts and 347 are void for lapsed suspension[.]" (Defendant's Issue XXI).
13. "Accusers' acts and 347 are against the evidence for all evidence being inadmissible for lacking initial probable cause[.]" (Defendant's Issue XXIV).
14. "Accusers' act and 347 void for imposing debtor's prison and other Const. violations[.]" (Defendant's Issue XXV).
15. "Accusers acts and 347 are void for the reason against the evidence that appellant is not culpable for any crime or law violation[.]" (Defendant's Issue XXVI).
16. "The Order of sentencing is void [    ] and violates constitutional provisions and the 347 imposed codes." (Defendant's Appeal of Order of Sentencing).

Furthermore, we also find that the following issues are waived because they are inadequate:

1. "Accusers' act and 347 is void for violation of the Rights of due process defenses." (Defendant's Issue XIII.).
2. "Accusers' acts and 347 are void for barratry and barred by laches." (Defendant's Issue XXII).

3. "Accusers' acts and 347 is void for violation of both state and federal constitutional provisions of appellant's Right of the dictates of my conscience." (Defendant's Issue XXIII).

Rule 27(a)(7) of the Tennessee Rules of Appellate Procedure provides that a brief shall contain "[an] argument . . . setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record . . . relied on." Tennessee Court of Criminal Appeals Rule 10(b) states that "[i]ssues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." *See also State v. Sanders*, 842 S.W.2d 257 (Tenn. Crim. App. 1992) (determining that issue was waived where defendant cited no authority to support his complaint). The issues listed above do not meet these requirements, and Defendant is not entitled to relief on these issues.

Defendant's Issues XXII and XXIII, listed above, along with the following issue: "Accusers acts and 347 are void for violation of the rights of due process of prior notice of intended suspension and notice and opportunity of a hearing and a copy of the dept. printout[.]" (Defendant's Issue XIX) are also waived because Defendant raises them for the first time on appeal. Tenn. R. App. P. 3(e) provides:

> [N]o issue presented for review shall be predicated upon error in the admission or exclusion of evidence, jury instructions granted or refused, misconduct of jurors, parties or counsel, or other action committed or occurring during the trial of the case, or other ground upon which a new trial is sought, unless the same was specifically stated in a motion for new trial; otherwise such issues will be treated as waived.

Defendant has failed to properly preserve these issues for appellate review in accordance with Rule 3(e).

## II. Lack of Jurisdiction. (Defendant's Issues I, III, and XX)

Defendant argues that the "[a]ccusers' acts and 347 are void for lack of jurisdiction and/or violation of fundamental due process of law to claim, disclose, and establish jurisdiction." He further claims that his conviction is "void for lack of jurisdiction for lack of any offense," and "void for violation of both state and federal constitutional provision." Defendant, in Issue XX, asserts that the "state cannot enforce upon me any licensing statutes or provisions thereof which make such tender a payment in debt in order to suspend any license and privilege grant thereby by any such unconstitutionally acquired license or such conditions thereof."

Defendant's operation of his vehicle while his license was revoked is clearly an offense under Tennessee law, and the trial court had subject matter jurisdiction over this offense. T.C.A. § 55-50-504(a)(1) provides in part:

> A person who drives a motor vehicle within the entire width between the boundary lines of every way publicly maintained that is open to the use of the public for purposes of vehicular travel, or the premises of any shopping center, manufactured housing complex or apartment house complex or any other premises frequented by the public at large at a time when the person's privilege to do so is cancelled, suspended, or revoked commits a Class B misdemeanor.

In *State v. Anthony Troy Williams*, No. M2012-00242-CCA-R3-CD, 2012 WL 4841547 (Tenn. Crim. App. Aug. 14, 2012), this court addressed a similar issue concerning the jurisdiction of Tennessee's criminal courts:

> At the outset, we note that the circuit courts of Tennessee have jurisdiction over all crimes and misdemeanors. *See* T.C.A. § 16-10-102; *see also State v. Keller*, 813 S.W.2d 146, 147-48 (Tenn. Crim. App. 1991). The circuit courts necessarily have jurisdiction over the individuals charged with crimes by indictments returned by grand juries in the respective counties. *See Keller*, 813 S.W.2d at 149; *see also State v. Booher*, 978 S.W.2d 953, 957 (Tenn. Crim. App. 1997).

> This Court agrees with Appellant's contention that he enjoys a fundamental right to freedom of travel. *See Booher*, 978 S.W.2d at 955. However, Appellant's right to travel has not been infringed upon by the requirement by our legislature that an individual have a valid driver's license to lawfully operate a motor vehicle on the public highways of this state. *Id.* at 955-56. The same holds true for the requirement that motor vehicles be registered under the motor vehicle registration law. *See id.* at 956. Arguments identical to Appellant's have been addressed and dismissed by this Court several times. *See, e.g., State v. Paul Williams*, No. W2009-02179-CCA-R3-CD, 2010 WL 2539699, at * 1-2 (Tenn. Crim. App., at Jackson, June 23, 2010), *perm. app. denied*, (Tenn. Nov. 12, 2010); *State v. David A. Ferrell*, No. M2007-01306-CCA-R3-CD, 2009 WL 2425963, at *3 (Tenn. Crim. App., at Nashville, Aug. 7, 2009), *perm. app. denied*, (Tenn. Feb. 8, 2010); *State v. Bobby Gene Goodson*, No. E2001-00925-CCA-R3-CD, 2002 WL 1751191, at *3-4 (Tenn. Crim. App, at Knoxville, July 29, 2002), *perm. app. denied*, (Tenn. Dec. 23, 2002). Appellant is not entitled to relief.

*Anthony Troy Williams*, 2012 WL 4841547, at *1-2. Additionally, in *State v. Dennis Haughton Webber*, No. M2014-02527-CCA-R3-CD, 2015 WL 6774014 (Tenn. Crim. App. No, 6, 2015), this court also held:

> "Subject matter jurisdiction involves the court's lawful authority to adjudicate a controversy brought before it." *Johnson v. Hopkins*, 432 S.W.3d 840, 843 (Tenn. 2013). The defendant was charged with several criminal offenses. Circuit courts have original jurisdiction of crimes unless otherwise provided by statute. T.C.A. § 16-10-102; T.C.A. § 40-1-108. Accordingly, the trial court had the authority to preside over the defendant's criminal charges. *See, e.g., State v. Keller*, 813 S.W.2d 146, 148 (Tenn. Crim. App. 1991) (concluding that circuit court had jurisdiction over defendant claiming to be a "sovereign individual" when he was charged with reckless driving); *see also State v. Goodson*, 77 S.W.3d 240, 243 (Tenn. Crim. App. 2001).
>
> As we have noted above, the defendant's vehicle was in fact a "motor vehicle" within the meaning of the statute. In any case, a challenge to this element of the crime does not defeat the trial court's jurisdictional authority. At most, the defendant would be able to show that the evidence was insufficient to support an element of one of the crimes with which he was charged. Likewise, there is no proof before this court regarding the trial court's actions in regard to forwarding the convictions to the Department of Safety under Tennessee Code Annotated section 55-50-503. Even if the trial court had failed to forward the convictions to the Department of Safety, such a post-judgment omission would not defeat the authority of the court to impose judgments on the defendant after the jury convicted him.
>
> Neither does the defendant's refusal to consent to the laws of the state exempt him from following them or defeat the jurisdiction of the courts should he commit a violation of state statute. *See Booher*, 978 S.W.2d at 957 (Tenn. Crim. App. 1997) ("Consent to laws is not a prerequisite to their enforceability against individuals."). Accordingly, we conclude that the trial court was not lacking in subject matter jurisdiction.

*Dennis Haughton Webber*, 2015 WL 6774014, at *5. Defendant in this case is not entitled to relief on these issues.

### III. Failure to Act on Defendant's Petition for Writ of Habeas Corpus (Defendant's Issue II).

Defendant argues that "[a]ccusers' acts and 347 are void for lack of jurisdiction for violation of the Rights of Habeas Corpus." He further states that "[a]ccusers, to include, [trial judge], confiscated the said Petition, did not act upon it, and forcibly prevented its compliance and hearing and the Right thereof while refusing to stop said 347 when it was within their ability to do so."

However, as pointed out by both the State and the trial court, "a habeas corpus or post-conviction petition may not be maintained while a direct appeal attacking the original conviction and sentence is pending in the appellate court." *Hankins v. State*, 512 S.W.2d 591 (Tenn. Crim. App. 1974)(citing *Hunter v. State*, 1 Tenn. Cr. App. 392, 443 S.W.2d 532; *Crain v. State*, 2 Tenn. Cr. App. 67, 451 S.W.2d 695; *Jones v. State*, 2 Tenn. Cr. App. 284, 453 S.W.2d 433). Therefore, Defendant is not entitled to any habeas corpus relief as his direct appeal is pending in this court.

### IV. Bill of Particulars (Defendant's Issue X).

Defendant contends that the "[a]ccusers' acts and 347 are void for violation of the Right to demand the nature and cause, and bill of particulars and discovery." Although Defendant mentions discovery it appears that he is only challenging the failure of the State to provide a bill of particulars. Defendant states: "Appellant had the Right to demand the nature and cause 'of' the accusation and not just the accusation itself in any event the full nature and cause necessary is not in the accusation as in this case." He further argues that "[t]he nature and cause includes not only to be able to discern an 'answer' of a plea or pleading which entails what jurisdiction and criteria is imposed but also, to defend in law and to jurisdiction itself by receiving fundamental full disclosures 'of' the accusation as needed."

Article 1, section 9 of the Tennessee Constitution provides "[t]hat in all criminal prosecutions, the accused hath the right to . . . demand the nature and cause of the accusation against him, and to have a copy thereof . . ." The Tennessee Rules of Criminal Procedure provide a method by which a defendant may make such a demand. "On defendant's motion, the court may direct the district attorney general to file a bill of particulars so as to adequately identify the offense charged." Tenn. R. Crim. P. 7(c). A bill of particulars serves three purposes: it provides a "defendant with information about the details of the charge against him if this is necessary to the preparation of his defense;" it assures that a defendant has an opportunity to "avoid prejudicial surprise at trial;" and it enables the defendant to preserve a plea against double jeopardy. *State v. Sherman*, 266 S.W. 3d 395, 408-09 (Tenn. 2008) (internal citations omitted); *see also State v. Speck,* 944 S.W.2d 598, 600 (Tenn. 1997). A bill of particulars is not a discovery device and is

limited to information a defendant needs to prepare a defense to the charges. Tenn. R. Crim. P. 7(c), Advisory Comm'n Cmts.

A trial court should make every effort to ensure that the State supplies all critical information in its bill of particulars, but the lack of specificity will not result in reversible error unless a defendant can prove prejudice. *Sherman*, 266 S.W. 3d at 409 (citing *Speck*, 944 S.W.2d at 601; *State v. Byrd*, 820 S.W.2d 739, 741 (Tenn. 1991)).

In its order denying Defendant's motion for new trial, the trial court in this case found:

> First of all, the Court file does not appear to have any reference to the Defendant's request for a Bill of Particulars. Even if the file does contain a request for a Bill of Particulars, it is clear from the Defendant's numerous pre-trial filings and pre-trial appeals to the Court of Criminal Appeals that he fully understood the offense for which he was being charged.

As pointed out by the State, the indictment in this case clearly states the cause of action against Defendant:

> THE GRAND JURORS of Davidson County, Tennessee duly impaneled and sworn, upon their oath, present that:
>
> CHARLES PHILLIP MAXWELL
>
> on or about the 28th day of March, 2014, in Davidson County, Tennessee and before the finding of this indictment, unlawfully did intentionally, knowingly, or recklessly drive a motor vehicle upon a public highway at a time when the privilege of Charles Phillip Maxwell to do so was canceled, suspended, or revoked in violation of Tennessee Code Annotated § 55-50-504, and against the peace and dignity of the State of Tennessee.

It appears from the record that Defendant made somewhat of a demand for a bill of particulars by filing a "Demand for Nature and Cause of the Accusations(s)." Defendant's "demand" contains the following language:

> No accusation of the above proceedings contains or discloses the sufficient nature and cause or needed particulars of said proceeding sufficient for [Defendant] to formulate an effective defense thereto or to know if any is required.

> The Constitution, Article I, Section 9 which is assumed the above accuser is subject to, requires the accuser to comply with this demand in relation to [Defendant]. On relation to [Defendant] the Constitution of the State of Tennessee of 1834 enumerates the right to make this demand.
>
> If in any event a Bill of Particulars is required this Demand serves to include such.

Defendant has presented no evidence of prejudice from the State's failure to answer his demand for a bill of particulars. He does not argue that his defense was in any way hampered by the State's lack of a response. The indictment sets forth the date and offense for which Defendant was charged. *Byrd*, 820 S.W.2d at 742. Moreover, as pointed out by the trial court, the record shows that Defendant, based on his pre-trial filings and pre-trial appeals to this court, fully understood the charge against him. Defendant is not entitled to relief on this issue.

## CONCLUSION

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE

- 13 -